**Paul G. BAMBERG, et al.,**

v.

**KPMG, LLP, et al.,**

**Janet Baker, et al.,**

v.

**KPMG LLP, et al.**

**Civ.A. No. 02–10304–PBS.**

United States District Court,
D. Massachusetts.

Dec. 15, 2003.

Jennifer Ancona Semko, Baker & McKenzie, Washington, DC, for Mercator & Noordstar NV, Consolidated Defendant.

Terence K. Ankner, The Law offices of Partridge, Ankner & Horstmann, LLP, Boston, MA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Richard E. Bennett, Willcox, Pirozzolo & McCarthy, P.C., Boston, MA, for Donald B. Fletcher, Jr., Paul G. Bamberg, Cherry F. Bamberg, Donald B. Fletcher, Jr., Paul G. Bamberg, Robert Roth, Plaintiffs.

Pamela E. Berman, Adler Pollock & Sheehan, Boston, MA, for Roel Pieper, Defendant.

David H. Braff, Sullivan & Cromwell, New York City, for KPMG UK, Defendant.

Michael P. Carrol, Davis Polk & Wardwell, New York, NY, for KPMG LLP, Consolidated Defendant.

Michael P. Carroll, Davis, Polk & Wardwell, New York City, for KPMG LLP, Consolidated Defendant.

Robert M. Cohen, Cohen & Fierman, LLP, Boston, MA, for Mercator & Noordstar NV, Consolidated Defendant.

Arthur G. Connolly, III, Connolly, Bove, Lodge & Hutz, Wilmington, DE, for Cherry F. Bamberg, Donald B. Fletcher, Jr., Paul G. Bamberg, Robert Roth, Paul G. Bamberg, Plaintiffs.

Alan K. Cotler, Reed Smith, LLP, Philadelphia, PA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Peter W. Devereaux, Latham & Watkins, Los Angeles, CA, for KPMG International, Defendant.

James S. Dittmar, Goodwin Procter LLP, Boston, MA, for Nico Willaert, Pol Hauspie, Defendants.

Karen C. Dyer, Boies, Schiller & Flexner LLP, Orlando, FL, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Theodore Edelman, Sullivan & Cromwell, London, for KPMG UK, Defendant.

Thomas W. Evans, Cohen & Fierman, LLP, Boston, MA, for Mercator & Noordstar NV, Consolidated Defendant.

Anthony M. Feeherry, Goodwin Procter, LLP, Boston, MA, for Jo Lernout, Defendant.

William Fenrich, Davis Polk & Wardwell, New York City, for KPMG LLP, Consolidated Defendant.

Janet B. Fierman, Cohen & Fierman, LP, Boston, MA, for Mercator & Noordstar NV, Consolidated Defendant.

Kenneth J. Fishman, Fishman, Ankner & Horstman, LLP, Boston, MA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

James O. Fleckner, Goodwin Procter LLP, Boston, MA, for Nico Willaert, Pol Hauspie, Defendants.

Joanne Gaboriault, Skadden, Arps, Slate, Meagher, & Flom LLP, New York City, for SG Cowen Securities Corporation, Consolidated Defendant.

John A.D. Gilmore, Piper Rudnick LLP, Boston, MA, for Bemard Vergnes, Defendant.

Andrew Good, Silverglate & Good, Boston, MA, for Louis Verbeke, Consolidated Defendant.

Philip L. Graham, Jr., Sullivan & Cromwell, New York City, for KPMG UK, Defendant.

Kurt F. Gwynne, Reed Smith LLP, Wilmington, DE, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Sean M. Halpin, Reed Smith, LLP, Philadelphia, PA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Jeff Hammel, Latham & Watkins, New York City, for KPMG International, Consolidated Defendant.

John G. Harris, Reed Smith, Wilmington, DE, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Bradley A. Harsch, Sullivan & Cromwell, New York City, for KPMG UK, Defendant.

Henry A. Heiman, Heiman, Aber Goldlust & Baker, Wilmington, DE, for Jo Lernout, Consolidated Defendant.

Stephen E. Jenkins, Ashby & Geddes, Wilmington, DE, for KPMG International, Defendant.

Robert J. Kaler, Gadsby & Hannah LLP, Boston, MA, for Flanders Language Valley Foundation, Consolidated Defendant.

Susan E. Kaufman, Heiman, Aber, Goldlust & Baker, Wilmington, DE, for Jo Lernout, Defendant.

Emily F. Klineman, Ropes & Gray LLP, Boston, MA, for KPMG UK, Defendant.

Lewis H. Lazarus, Morris, James, Hitchens & Williams, Wilmington, DE, for KPMG U.S., Defendant.

Kevin J. Lesinski, Seyfarth Shaw, LLP, Boston, MA, for KPMG LLP, Consolidated Defendant.

Paul J. Lockwood, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, for SG Cowen Securities Corporation, Consolidated Defendant.

Douglas F. MacLean, Latham & Watkins, Newton, for KPMG International, Defendant.

Matthew J. Matule, Skadden, Arps, Slate, Meagher & Flom LLP, Boston, MA, for SG Cowen Securities Corporation, Consolidated Defendant.

Amy M. McNamer, Zuckerman Spaeder LLP, Washington, DC, for Louis Verbeke, Consolidated Defendant.

Douglas H. Meal, Ropes & Gray LLP, Boston, MA, for KPMG UK, Defendant.

William R. Moorman, Craig & Macauley, P.C., Boston, MA, for Gaston Bastiaens, Consolidated Defendant.

Kirsten M. Nelson, Piper Rudnick LLP, Boston, MA, for Bernard Vergnes, Defendant.

Eric Neyman, Gadsby & Hannah LLP, Boston, MA, for Flanders Language Valley Fund, Consolidated Defendant.

Diem–Suong T. Nguyen, Davis Polk & Wardwell, New York City, for KPMG LLP, Consolidated Defendant.

Robert A. Nicholas, Reed Smith, LLP, Philadelphia, PA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

James J. Nicklaus, Attorney at Law, Cambridge, MA, for Donald B. Fletcher, Jr., Cherry F. Bamberg, Donald B. Fletcher, Jr., Paul G. Bamberg, Robert Roth, Plaintiffs.

Jack R. Pirozzolo, Willcox, Pirozzolo & McCarthy, PC, Boston, MA, for Cherry F. Bamberg, Donald B. Fletcher, Jr., Paul G. Bamberg, Robert Roth, Plaintiffs.

Eric Rieder, Robinson Silverman Pearce, Aronsohn & Berman LLP, New York City, for Roel Pieper, Defendant.

Michael T. Scott, Reed Smith, LLP, Philadelphia, PA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

Gregg D. Shapiro, Choate, Hall & Stewart, Boston, MA, for KPMG LLP, Consolidated Defendant.

Michael J. Stone, Postemak, Blankstein & Lund, Boston, MA, for KPMG Belgium, Defendant.

Beth A. Tchilinguirian, Robinson Silverman, Pearce Aronsohn & Berman LLP, New York City, for Roel Pieper, Consolidated Defendant.

Daniel P. Waxman, Robinson Silverman Pearce, Aronsohn & Berman LLP, New York City, for Roel Pieper, Defendant.

Stephanie G. Wheeler, Sullivan & Cromwell, New York City, for KPMG UK, Defendant.

Bryan A. Wood, Schnader, Harrison, Goldstein & Manello, Boston, MA, for Roel Pieper, Defendant.

Joan A. Yue, Reed Smith, LLP, Philadelphia, PA, for Janet Baker, Consolidated Plaintiff.

George A. Zimmerman, Skadden, Arps, Slate, Meagher, & Flom LLP, New York City, for SG Cowen Securities Corporation, Consolidated Defendant.

Roger E. Zuckerman, Zuckerman Spaeder LLP, Washington, DC, for Louis Verbeke, Consolidated Defendant.

Tracy Zurzolo–Frisch, Reed Smith, LLP, Philadelphia, PA, for JK Baker LLC, JMBaker, LLC, James Baker, Janet Baker, Consolidated Plaintiffs.

*MEMORANDUM AND ORDER ON SG COWEN'S MOTION TO COMPEL BAKER PLAINTIFFS TO PRODUCE DOCUMENTS (# 337)*

COLLINGS, United States Magistrate Judge.

Defendant SG Cowen Securities Corporation ("SG Cowen") has moved to compel the

Baker plaintiffs to produce copies of all documents which they obtained from Lernout & Hauspie Speech Products, N.V. ("L & H") pursuant to an Order of the Bankruptcy Court in Delaware.[1] Defendants Pol Hauspie and Nico Willaert join in the motion (see # 353) as does defendant Jozef Lernout (see # 354).[2]

The plaintiffs in this and other related actions obtained an Order from the Bankruptcy Court which provided, inter alia, that the plaintiffs would be permitted to inspect L & H's documents in the United States and abroad and select relevant documents for copying, subject to review by L & H's counsel and counsel for the Trustee for privileged or confidential documents. It was specifically provided in the Order that allowing such inspection would not ". . . result in a waiver of any attorney-client, work-product, or other applicable privileges belonging to Lernout & Hauspie Speech Products, N.V. . . ." or any of its "affiliates" or "the Litigation Trustee." (# 338, Exh. E, p. 2 and ¶ 5 at pp. 5–6)

Pursuant to this Order, plaintiffs' counsel reviewed "millions of pages of L & H's documents contained in thousands of boxes, selected perhaps 5% of the total number of documents to be copied, and left the remaining 95% uncopied and unselected." (# 355, pp. 1–2) Plaintiffs aver that defendant KPMG–US has also reviewed the same store of documents and made its own selection of what documents to select and have copied. (# 355, p. 2)

■ The defendants, by their motion, seek copies of the documents which the plaintiffs selected and copied from L & H; plaintiffs oppose on the ground that the selection is protected by the work-product doctrine. Under First Circuit precedent, the identification and selection of documents is within the "less-shielded category" of "ordinary" work product but not within the "highly protected category" of "opinion" work product. *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d 1007, 1015–17 (1 Cir., 1988). "Ordinary work product" is work done in anticipation of litigation; "opinion work product" is work done in anticipation of litigation which, in addition, includes the "mental impressions, conclusion, opinions or legal theories of an attorney." Rule 26(b)(3), Fed. R.Civ.P. The Court wrote:

> Notwithstanding our conclusion that the exhibit lists do not comprise opinion work product, we recognize that attorneys and their staffs sorted and segregated the documents in anticipation of litigation. We do not deny that a glimpse of the selection process's yield provides insight into opposing counsel's understanding of his case. Forced production of an exhibit list makes some incursion into the attorney's quiet and secluded corner and consequently implicates the work product rule to an extent—but treating the lists as ordinary work product fully safeguards whatever legitimate privacy concerns are at stake.

*In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d at 1018–19.

The next issue is whether or not plaintiffs have waived the protections of the work-product doctrine on the facts of this case. Defendants argue that there are two separate and distinct bases upon which a waiver should be found. The first concerns plaintiffs' response to the document request. The request was served on April 9, 2003; the response was filed on May 21, 2003.[3] Request # 40 sought "[a]ll documents produced to Plaintiffs from any other party or nonparty in this or any related matter." (# 339, Exh. A) The response was as follows:

> Bakers object to this request as overbroad and unduly burdensome, and states [sic] these documents are available more conveniently, at less expense, and less burden from the publicly available or third parties

---

1. L & H is in bankruptcy in Delaware.

2. S.G. Cowan Securities Corporation, Pol Hauspie, Nico Willaert and Josef Lernout will collectively be referred to as "the defendants."

3. I note, first, that the response was served in a timely manner. Rule 34(b), Fed.R.Civ.P., requires that a response be served thirty days after service, and courts have held that failure to serve timely objections results in a waiver of the objections. However, the defendants have not raised this as a basis for waiver, and the Court shall not consider this to any further extent except by inferring that the defendants agreed to an enlargement of time to serve a response.

from which the Bakers obtained these documents. *Id.*

Defendants point out that there was no objection interposed on workproduct grounds. Plaintiffs respond by saying that the identification and selection of documents from L & H had not occurred at that time, and that the Bankruptcy Court's Order permitting the inspection did not issue until June 13, 2003. It follows, argue the plaintiffs, that at the time the response was filed, no work-product had occurred.

■ I will accept plaintiffs' argument on this point, although it seems likely that the procedures for inspection which the Bankruptcy Judge allowed on June 13th were in the discussion stage three weeks earlier when the response to the document requests was filed. If the plaintiffs knew at the time of the response what the procedure for obtaining documents from L & H was likely to be, the better practice would have been to assert the work-product objection.

■ A stronger argument is that the work-product protection as to the identification and selection of documents was waived when it was shared with L & H in order for L & H's bankruptcy counsel and the trustee to review the documents for confidentiality and privilege. The interests of L & H, which is the entity which is accused of defrauding the plaintiffs, are clearly adverse to those of the plaintiffs.[4] The Third Circuit has held that the work-product protection is waived if the disclosure "...enable[s] an adversary to gain access to the information." *Westinghouse Electric Corp. v. Republic of the Philippines*, 951 F.2d 1414, 1428 (3 Cir., 1991) (citations omitted). Further, disclosure to one adversary waives the work-product protection as against all other adversaries. *Id.* at 1429. The First Circuit has accepted this formulation. *United States v. Massachusetts Institute of Technology*, 129 F.3d 681, 687 (1 Cir., 1997).

Put another way, "...a party who discloses documents protected by the work-product doctrine may continue to assert the doctrine's protection only when the disclosure furthers the doctrine's underlying goal." *Westinghouse*, 951 F.2d at 1429. The purpose of the work-product doctrine as stated by the First Circuit is to give an attorney "...a zone of privacy with which to prepare his client's case and plan strategy, without undue influence." *In re San Juan Dupont Plaza Hotel Fire Litigation*, 859 F.2d at 1014. When disclosures are made to an adversary, the work-product is no longer within a "zone of privacy," so such disclosures cannot "...further the [work-product] doctrine's underlying goal." *Westinghouse Electric Corp.*, 951 F.2d at 1414.

As indicated, supra, after the plaintiffs identified and selected the documents which they wished to have copied, they disclosed their selection to L & H for the purpose of its bankruptcy attorney and the bankruptcy trustee designating documents privileged or confidential. The plaintiffs apparently agreed to this procedure,[5] and it was incorporated into the Bankruptcy Judge's Order of June 13, 2003. (# 339, Exh. E, ¶ 7 and Exh. A to June 13, 2003 Order)

Contrary to plaintiffs' argument, there is nothing contained in the June 13th Order of the Bankruptcy Court which preserves the plaintiffs' work-product protections vis-a-vis the disclosure of the identification and selection of documents to L & H. The purpose of the Bankruptcy Judge's Order was to impose

---

4. Although plaintiffs correctly point out that L & H is not named as a defendant in either 02cv10304 or 03cv10305, the Court notes that plaintiffs, through a trust ("TRA Rights Trust") have filed claims against L & H in the Bankruptcy Court. See # 339, Exh. C, ¶¶ 3–4. In addition, the L & H Investment Company as well as Jo Lernout and Pol Hauspie are named defendants. In the 02cv10304 Complaint, Jo Lernout is alleged to be one of the founders of L & H, co-chairman of the board from 1996 to 2000, a managing director from 1987 to 2000 and chief technology officer until February 2001. (# 29, ¶ 19, p. 11) Defendant Pol Hauspie is alleged to be a founder of L & H and, among other things, a member of the board of directors until November, 2000. (# 29, ¶ 20, p. 12)

5. I use the phrase "apparently agreed" because there is no indication in the record before me that the plaintiffs ever entered an objection in the Bankruptcy Court to disclosing their identification and selection of documents to L & H's bankruptcy attorney or the trustee.

"safeguards" so that the discovery "...[would] not result in a waiver of attorney-client, work-product, or other applicable privileges belonging to Lernout & Hauspie Speech Products, N.V (the 'Debtor'), any affiliates of the Debtor, and/or the Litigation Trustee...". (# 339, Exh. H, p. 2) (emphasis added)

The argument that since the procedure was imposed in order to protect one party's work-product, it serves the purposes of the work-product doctrine in general, and thus plaintiffs' disclosure "furthers the doctrine's underlying goal" is specious. The "doctrine's underlying goal" as defined in this case is the goal of protecting the work plaintiffs' attorneys do for their clients from disclosure. That goal is not furthered by disclosure to an adversary. *In re Atlantic Financial Management Securities Litigation*, 121 F.R.D. 141, 145 (D.Mass., 1988).

■ It is for these reasons that I find a waiver. That does not end the matter. I agree with the plaintiffs that "[i]t would be patently unjust to allow SG Cowen to capitalize on the fruits of Plaintiffs' labors and give it a 'free ride'..." (# 355, p. 12) Any motion compelling production would involve an Order that defendants pay a part of the costs of plaintiffs' effort in which their attorneys identified and selected documents. Accordingly, if the defendants are not willing to make such a payment, the motion to compel will be denied. If they are, they shall notify plaintiffs' counsel and an attempt shall be made to reach agreement on the amount of money which defendants will pay. If agreement can be reached, the defendants shall notify the Court, and the Court will enter an Order allowing the motion conditioned upon payment. If agreement cannot be reached, the defendants shall notify the Court and a hearing shall be scheduled.